1  CHRIS R. OTTENWELLER (State Bar No. 73649)
   STEPHEN N. ADAMS (State Bar No. 141956)
2  MARK R. WEINSTEIN (State Bar No. 193043)
   TODD M. BRIGGS (State Bar No. 209282)
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
4  1000 Marsh Road
   Menlo Park, California  94025
5  Telephone:    (650) 614-7400
   Facsimile:     (650) 614-7401
6

7  Attorneys for Defendant EMC Corporation

8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11  HEWLETT PACKARD COMPANY,              CASE NO:  C 02-04709 JF

12                   Plaintiff,           **EMC CORPORATION'S ANSWER
                                          TO AMENDED COMPLAINT**
13
         v.
14
15  EMC CORPORATION,

16                   Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant EMC Corporation ("EMC") answers the Amended Complaint of Plaintiff Hewlett-Packard Company ("HP") as follows:

1.     EMC admits the allegations of Paragraph 1.

2.     EMC admits the allegations of Paragraph 2.

3.     EMC admits that HP has filed its claims under 35 U.S.C. §271, and that the Court has subject matter jurisdiction over those claims.

4.     EMC admits that this Court may establish venue for this Amended Complaint in this judicial district under the Federal Rules of Civil Procedure.

5.     EMC incorporates its answers to Paragraphs 1 through 4 of the Amended Complaint as if set forth fully herein.

6.     EMC admits that on its face U.S. Patent No. 5,237,658 ("the '658 patent") indicates it issued on August 17, 1993 to Tandem Computers, Incorporated, as assignee of Mark Walker, Albert Lui, Harald Sammer, Wing Chan and William Fuller.  Except as expressly admitted, EMC lacks sufficient information to admit or deny and on that basis denies the allegations of Paragraph 6.

7.     EMC lacks sufficient information to admit or deny and on that basis denies the allegations of Paragraph 7.

8.     EMC denies the allegations of Paragraph 8.

9.     EMC denies the allegations of Paragraph 9.

10.    EMC denies the allegations of Paragraph 10.

11.    EMC denies the allegations of Paragraph 11.

12.    EMC incorporates its answers to Paragraphs 1 through 4 of the Amended Complaint as if set forth fully herein.

13.    EMC admits that on its face U.S. Patent No. 5,247,618 ("the '618 patent") indicates it issued on September 21, 1993 to Digital Equipment Corporation ("DEC"), as assignee of Scott Davis, William Goleman, David Thiel, Robert Bean and James Zahrobsky.  Except as

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

\

ANSWER TO AMENDED COMPLAINT

NO. C 02-04709 EDL

-1-

1  expressly admitted, EMC lacks sufficient information to admit or deny and on that basis denies

2  the allegations of Paragraph 13.

3        14.     EMC lacks sufficient information to admit or deny and on that basis denies

4  the allegations of Paragraph 14.

5        15.     EMC denies the allegations of Paragraph 15.

6        16.     EMC denies the allegations of Paragraph 16.

7        17.     EMC denies the allegations of Paragraph 17.

8        18.     EMC denies the allegations of Paragraph 18.

9        19.     EMC incorporates its answers to Paragraphs 1 through 4 of the Amended

10  Complaint as if set forth fully herein.

11        20.     EMC admits that on its face U.S. Patent No. 5,315,602 ("the '602 patent")

12  indicates it issued on May 24, 1994, to DEC, as assignee of Eric Noya, Randy Arnott and

13  Mitchell Rosich.  Except as expressly admitted, EMC lacks sufficient information to admit or

14  deny and on that basis denies the allegations of Paragraph 20.

15        21.     EMC lacks sufficient information to admit or deny and on that basis denies

16  the allegations of Paragraph 21.

17        22.     EMC denies the allegations of Paragraph 22.

18        23.     EMC denies the allegations of Paragraph 23.

19        24.     EMC denies the allegations of Paragraph 24.

20        25.     EMC denies the allegations of Paragraph 25.

21        26.     EMC incorporates its answers to Paragraphs 1 through 4 of the Amended

22  Complaint as if set forth fully herein.

23        27.     EMC admits that on its face U.S. Patent No. 5,917,253 ("the '253 patent")

24  indicates it was issued on June 29, 1999 to HP as assignee of Michael Rusnack.  Except as

25  expressly admitted, EMC lacks sufficient information to admit or deny and on that basis denies

26  the allegations of Paragraph 27.

27

28

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

-2-

ANSWER TO AMENDED COMPLAINT
No. C 02-04709 JF

1    28.    EMC lacks sufficient information to admit or deny and on that basis denies

2    the allegations of Paragraph 28.

3    29.    EMC denies the allegations of Paragraph 29.

4    30.    EMC denies the allegations of Paragraph 30.

5    31.    EMC denies the allegations of Paragraph 31.

6    32.    EMC denies the allegations of Paragraph 32.

7    33.    EMC incorporates its answers to Paragraphs 1 through 4 of the Amended

8    Complaint as if set forth fully herein.

9    34.    EMC admits that on its face U.S. Patent No. 6,269,453 ("the '453 patent")

10   indicates it issued on July 31, 1999, to Compaq Computer Corporation ("Compaq"), as assignee

11   of Joseph Krantz.  Except as expressly admitted, EMC lacks sufficient information to admit or

12   deny and on that basis denies the allegations of Paragraph 34.

13   35.    EMC lacks sufficient information to admit or deny and on that basis denies

14   the allegations of Paragraph 35.

15   36.    EMC denies the allegations of Paragraph 36.

16   37.    EMC denies the allegations of Paragraph 37.

17   38.    EMC denies the allegations of Paragraph 38.

18   39.    EMC denies the allegations of Paragraph 39.

19   40.    EMC incorporates its answers to Paragraphs 1 through 4 of the Amended

20   Complaint as if set forth fully herein.

21   41.    EMC admits that on its face U.S. Patent No. 6,356,979 ("the '979 patent")

22   indicates it issued on March 12, 2002, to Compaq, as assignee of Stephen Sicola, Michael Walker

23   and James Pherson.  Except as expressly admitted, EMC lacks sufficient information to admit or

24   deny and on that basis denies the allegations of Paragraph 41.

25   42.    EMC lacks sufficient information to admit or deny and on that basis denies

26   the allegations of Paragraph 42.

27   43.    EMC denies the allegations of Paragraph 43.

28

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

-3-

ANSWER TO AMENDED COMPLAINT
NO. C 02-04709 JF

1    44.    EMC denies the allegations of Paragraph 44.

2    45.    EMC denies the allegations of Paragraph 45.

3    46.    EMC denies the allegations of Paragraph 46.

4    47.    EMC incorporates its answers to Paragraphs 1 through 4 of the Amended

5    Complaint as if set forth fully herein.

6    48.    EMC admits that on its face U.S. Patent No. 5,390,327 ("the '327 patent")

7    indicates it issued on February 14, 1995 to DEC, as assignee of Clark Lubbers and David Thiel.

8    Except as expressly admitted, EMC lacks sufficient information to admit or deny and on that

9    basis denies the allegations of Paragraph 48.

10    49.    EMC lacks sufficient information to admit or deny and on that basis denies

11    the allegations of Paragraph 49.

12    50.    EMC denies the allegations of Paragraph 50.

13    51.    EMC denies the allegations of Paragraph 51.

14    52.    EMC denies the allegations of Paragraph 52.

15    53.    EMC denies the allegations of Paragraph 53.

16    **AFFIRMATIVE  DEFENSES**

17    **First Defense: Non-Infringement**

18    EMC has not and does not willfully or otherwise infringe, contribute to the

19    infringement of, or actively induce others to infringe, any claim of the '658 patent, the '618

20    patent, the '602 patent, the '253 patent, the '453 patent, the '979 patent and the '327 patent

21    (collectively the "Patents-at-issue").

22    **Second Defense: Invalidity/Unenforceability**

23    Each claim of the Patents-at-issue is invalid and/or unforceable for failure to meet

24    one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

25    **Third Defense: Estoppel**

26    As a result of the proceedings before the United States Patent and Trademark

27    Office during the prosecution of the applications for the Patents-at-issue, specifically the

28

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

-4-

ANSWER TO AMENDED COMPLAINT
No. C 02-04709 JF

1  admissions, representations, and amendments made on behalf of the applicants for such patents,

2  HP is estopped from asserting any construction of the claims of the Patents-at-issue to cover any

3  activity engaged in or product sold by EMC.

### Fourth Defense: Laches

5      EMC alleges, on information and belief, that HP's claims under the Patents-at-

6  issue are barred by the doctrine of laches due to HP's (and its predecessors'-in-interest)

7  knowledge of EMC's allegedly infringing actions, HP's (and its predecessors'-in-interest)

8  inexcusable failure to pursue its infringement claims diligently and timely from the time it

9  became aware they had claims against EMC, and by virtue of the fact that EMC has been both

10  economically and materially prejudiced and/or injured from HP's (and its predecessors'-in-

11  interest) inexcusable lack of diligence, including (but not limited to) through the loss of records of

12  third parties pertaining to the prior art, and the unreliability of the memories of witnesses who

13  otherwise possess knowledge of the technology at issue.

### Fifth Defense: Equitable Estoppel

15      EMC alleges, on information and belief, that HP's claims under the Patents-at-

16  issue are barred by the doctrine of equitable estoppel due to HP's (and its predecessors'-in-

17  interest) knowledge of EMC's actions that are alleged to infringe the Patents-at-issue, due further

18  to the fact that HP (and its predecessors-in-interest) misleadingly communicated to EMC and

19  others in the industry by words, conduct or silence that activities like those of EMC (including

20  EMC's own activities) are not infringing, due to EMC's reasonable reliance upon such

21  communications (including EMC's continuing to maintain its activities that are now alleged to

22  infringe the Patents-at-issue), and by virtue of the fact that insofar as EMC reasonably relied upon

23  HP's (and its predecessors'-in-interest) communications, EMC now would be materially harmed

24  if HP (and its predecessors-in-interest) were to be permitted to assert any claim against EMC

25  inconsistent with HP's (and its predecessors'-in-interest) previous conduct.

26  / / /

27

28

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

-5-

ANSWER TO AMENDED COMPLAINT
NO. C 02-04709 JF

1

**Sixth Defense: Standing**

2        EMC alleges on information and belief that HP does not have standing to bring the

3   claims and/or requests for relief contained in its Amended Complaint against EMC, because HP

4   does not own some or all of the Patents-at-issue, and because necessary and indispensable third

5   parties retain substantial rights to the Patents-at-issue.

6

**Seventh Defense: Marking**

7        EMC alleges that prior to receiving a copy of the summons and complaint, it had

8   neither actual nor constructive notice of any alleged act of infringement on its part, and that, on

9   information and belief, the lawful owner of the Patents-at issue and licensees of HP had failed

10  substantially and continuously to mark devices that embody one or more of the claims of the

11  Patents-at-issue with proper notice of such Patents-at-issue, as required by 35 U.S.C. § 287, such

12  that HP is not entitled to any pre-filing damages pursuant to that provision.

13       WHEREFORE, Defendant EMC prays that the Court:

14       A.  Enter judgment in EMC's favor, and against HP, thereby dismissing Plaintiff's

15  Amended Complaint in its entirely, with prejudice, HP to take nothing by way of its claim;

16       B.  Find that each of the claims of the Patents-at-issue are not infringed by any

17  actions of EMC or its customers, suppliers, users, licensees, vendors or vendees, or others using

18  its products either alone or in combination with any other product;

19       C.  Find that each of the Patents-at-issue is invalid, and further find that the

20  Patents-at-issue are void and unenforceable;

21       D.  Deny each and every HP request for injunctive relief;

22       E.  Order HP to pay the costs incurred by EMC in responding to this action and

23  EMC's reasonable attorneys' fees pursuant to 35 U.S.C. §§284 and 285; and

24       F.  Grant EMC such other and further relief as this Court deems just and

25  warranted under the circumstances.

26  / / /

27

28

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

-6-

ANSWER TO AMENDED COMPLAINT
NO. C 02-04709 JF

**JURY DEMAND**

EMC demands a trial by jury as to all issues so triable.

Dated:  November 14, 2002.                    Respectfully submitted,

                                              ORRICK, HERRINGTON & SUTCLIFFE LLP


                                              /s/
                                              _____
                                                    Mark R. Weinstein
                                              Attorneys for Defendant EMC Corporation


DOCSSV1:212657.1

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

ANSWER TO AMENDED COMPLAINT
No. C 02-04709 JF

-7-