1  CHRIS R. OTTENWELLER (State Bar No. 73649)
   ERIC L. WESENBERG (State Bar No. 139696)
2  MARK R. WEINSTEIN (State Bar No. 193043)
   TODD M. BRIGGS (State Bar No. 209282)
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, California  94025
   Telephone:     (650) 614-7400
5  Facsimile:     (650) 614-7401
6
7  LISA C. WARD (State Bar No. 175237)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
8  4 Park Plaza, Suite 1600
   Irvine, California  92614
9  Telephone:     (949) 567-6700
   Facsimile:     (949) 567-6710
10
11 Attorneys for Defendant and Counterclaimant
   EMC Corporation
12
                    UNITED STATES DISTRICT COURT
13
                   NORTHERN DISTRICT OF CALIFORNIA
14
                         SAN JOSE DIVISION
15
16 | HEWLETT-PACKARD COMPANY,          | CASE NO:  C 02-04709 JF (PVT)
   | HEWLETT-PACKARD DEVELOPMENT       |
   | COMPANY, L.P.,                    | **EMC CORPORATION'S ANSWER
17 |                    Plaintiffs,    | TO PLAINTIFFS' SECOND AMENDED
   |                                   | COMPLAINT AND COUNTERCLAIMS FOR
18 |        v.                         | PATENT INFRINGEMENT AND
   |                                   | DECLARATORY JUDGMENT**
19 | EMC CORPORATION,                  |
20 |                    Defendant.     | **JURY TRIAL DEMAND**
21 | EMC CORPORATION,                  |
22 |                    Counterclaimant, |
23 |        v.                         |
24 | HEWLETT-PACKARD COMPANY,          |
   | HEWLETT-PACKARD DEVELOPMENT       |
25 | COMPANY, L.P., COMPAQ             |
   | COMPUTER CORPORATION,             |
26 |                    Counterdefendants. |
27
28

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

Defendant EMC Corporation ("EMC") answers the Second Amended Complaint of plaintiffs Hewlett-Packard Company ("HP") and Hewlett-Packard Development Company, L.P. ("HPDC") (collectively "Plaintiffs") as follows:

## I.      PARTIES

1.      EMC admits the allegations of Paragraph 1.

2.      EMC lacks sufficient information to admit or deny and on that basis denies the allegations of Paragraph 2.

3.      EMC admits the allegations of Paragraph 3.

## II.      JURISDICTION AND VENUE

4.      EMC admits that Plaintiffs have filed their claims under 35 U.S.C. § 271. EMC denies that the Court has subject matter jurisdiction over the first, second, third, fifth, sixth, and seventh claims as to plaintiff HP.  Except as expressly admitted, EMC lacks sufficient information to admit or deny and on that basis denies the other allegations of Paragraph 4.

5.      EMC admits, for purposes of this action only, that venue is proper in this judicial district.

## III.      FIRST CLAIM FOR RELIEF

6.      EMC incorporates its answers to Paragraphs 1 through 5 of the Second Amended Complaint as if set forth fully herein.

7.      EMC admits that on its face U.S. Patent No. 5,237,658 ("'658 Patent") indicates it issued on August 17, 1993 to Tandem Computers, Inc., as assignee of Mark Walker, Albert Lui, Harald Sammer, Wing Chan and William Fuller.  Except as expressly admitted, EMC lacks sufficient information to admit or deny and on that basis denies the other allegations of Paragraph 7.

8.      EMC denies that HP has a license to the '658 Patent, denies that HP has all substantial rights to the patent, and denies that HP has a right to sue for infringement of the '658 Patent in this action.  EMC lacks sufficient information to admit or deny and on that basis denies the other allegations of Paragraph 8.

9.      EMC denies the allegations of Paragraph 9.

10.     EMC denies the allegations of Paragraph 10.

11.     EMC denies the allegations of Paragraph 11.

12.     EMC denies the allegations of Paragraph 12.

**IV.     SECOND CLAIM FOR RELIEF**

13.     EMC incorporates its answers to Paragraphs 1 through 5 of the Second Amended Complaint as if set forth fully herein.

14.     EMC admits that on its face U.S. Patent No. 5,247,618 ("'618 Patent") indicates it issued on September 21, 1993 to Digital Equipment Corporation ("DEC"), as assignee of Scott Davis, William Goleman, David Thiel, Robert Bean and James Zahrobsky. Except as expressly admitted, EMC lacks sufficient information to admit or deny and on that basis denies the other allegations of Paragraph 14.

15.     EMC denies that HP has a license to the '618 Patent, denies that HP has all substantial rights to the patent, and denies that HP has a right to sue for infringement of the '618 Patent in this action.  EMC lacks sufficient information to admit or deny and on that basis denies the other allegations of Paragraph 15.

16.     EMC denies the allegations of Paragraph 16.

17.     EMC denies the allegations of Paragraph 17.

18.     EMC denies the allegations of Paragraph 18.

19.     EMC denies the allegations of Paragraph 19.

**IV.     THIRD CLAIM FOR RELIEF**

20.     EMC incorporates its answers to Paragraphs 1 through 5 of the Second Amended Complaint as if set forth fully herein.

21.     EMC admits that on its face U.S. Patent No. 5,315,602 ("'602 Patent") indicates it issued on May 24, 1994, to DEC, as assignee of Eric Noya, Randy Arnott and Mitchell Rosich.  EMC lacks sufficient information to admit or deny and on that basis denies the other allegations of Paragraph 21.

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

22.     EMC denies that HP has a license to the '602 Patent, denies that HP has all substantial rights to the patent, and denies that HP has a right to sue for infringement of the '602 Patent in this action.  Except as expressly admitted, EMC lacks sufficient information to admit or deny and on that basis denies the other allegations of Paragraph 22.

23.     EMC denies the allegations of Paragraph 23.

24.     EMC denies the allegations of Paragraph 24.

25.     EMC denies the allegations of Paragraph 25.

26.     EMC denies the allegations of Paragraph 26.

**IV.     FOURTH CLAIM FOR RELIEF**

27.     EMC incorporates its answers to Paragraphs 1 through 5 of the Second Amended Complaint as if set forth fully herein.

28.     EMC admits that on its face U.S. Patent No. 5,917,253 ("'253 Patent") indicates it was issued on June 29, 1999 to HP as assignee of Michael Rusnack.  EMC lacks sufficient information to admit or deny and on that basis denies the other allegations of Paragraph 28.

29.     EMC lacks sufficient information to admit or deny and on that basis denies the allegations of Paragraph 29.

30.     EMC denies the allegations of Paragraph 30.

31.     EMC denies the allegations of Paragraph 31.

32.     EMC denies the allegations of Paragraph 32.

33.     EMC denies the allegations of Paragraph 33.

**IV.     FIFTH CLAIM FOR RELIEF**

34.     EMC incorporates its answers to Paragraphs 1 through 5 of the Second Amended Complaint as if set forth fully herein.

35.     EMC admits that on its face U.S. Patent No. 6,269,453 ("'453 Patent") indicates it issued on July 31, 1999, to Compaq Computer Corporation ("Compaq"), as assignee

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

-3-

of Joseph Krantz.  Except as expressly admitted, EMC lacks sufficient information to admit or deny and on that basis denies the other allegations of Paragraph 35.

36.     EMC denies that HP has a license to the '453 Patent, denies that HP has all substantial rights to the patent, and denies that HP has a right to sue for infringement of the '453 Patent in this action.  EMC lacks sufficient information to admit or deny and on that basis denies the other allegations of Paragraph 36.

37.     EMC denies the allegations of Paragraph 37.

38.     EMC denies the allegations of Paragraph 38.

39.     EMC denies the allegations of Paragraph 39.

40.     EMC denies the allegations of Paragraph 40.

## IV.     SIXTH CLAIM FOR RELIEF

41.     EMC incorporates its answers to Paragraphs 1 through 5 of the Second Amended Complaint as if set forth fully herein.

42.     EMC admits that on its face U.S. Patent No. 6,356,979 ("'979 Patent") indicates it issued on March 12, 2002, to Compaq, as assignee of Stephen Sicola, Michael Walker and James Pherson.  Except as expressly admitted, EMC lacks sufficient information to admit or deny and on that basis denies the other allegations of Paragraph 42.

43.     EMC denies that HP has a license to the '979 Patent, denies that HP has all substantial rights to the patent, and denies that HP has a right to sue for infringement of the '979 Patent in this action.  EMC lacks sufficient information to admit or deny and on that basis denies the other allegations of Paragraph 43.

44.     EMC denies the allegations of Paragraph 44.

45.     EMC denies the allegations of Paragraph 45.

46.     EMC denies the allegations of Paragraph 46.

47.     EMC denies the allegations of Paragraph 47.

## IV.     SEVENTH CLAIM FOR RELIEF

48.     EMC incorporates its answers to Paragraphs 1 through 5 of the Second Amended Complaint as if set forth fully herein.

49.     EMC admits that on its face U.S. Patent No. 5,390,327 ("'327 Patent") indicates it issued on February 14, 1995 to DEC, as assignee of Clark Lubbers and David Thiel. Except as expressly admitted, EMC lacks sufficient information to admit or deny and on that basis denies the other allegations of Paragraph 49.

50.     EMC denies that HP has a license to the '327 Patent, denies that HP has all substantial rights to the patent, and denies that HP has a right to sue for infringement of the '327 Patent in this action.  EMC lacks sufficient information to admit or deny and on that basis denies the other allegations of Paragraph 50.

51.     EMC denies the allegations of Paragraph 51.

52.     EMC denies the allegations of Paragraph 52.

53.     EMC denies the allegations of Paragraph 53.

54.     EMC denies the allegations of Paragraph 54.

### AFFIRMATIVE DEFENSES

### First Defense: Non-Infringement

EMC has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the '658 Patent, the '618 Patent, the '602 Patent, the '253 Patent, the '453 Patent, the '979 Patent and the '327 Patent (collectively the "Patents-at-issue").

### Second Defense: Invalidity

Each claim of the Patents-at-issue is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Defense: Estoppel

As a result of the proceedings before the United States Patent and Trademark Office during the prosecution of the applications for the Patents-at-issue, specifically the

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

-5-

EMC'S ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS
CASE NO. C 02-04709 JF (PVT)

admissions, representations, and amendments made on behalf of the applicants for such patents, Plaintiffs are estopped from asserting any construction of the claims of the Patents-at-issue to cover any activity engaged in or product sold by EMC.

### Fourth Defense: Laches

Plaintiffs' claims under the Patents-at-issue are barred by the doctrine of laches due to Plaintiffs' (and their predecessors'-in-interest) knowledge of EMC's allegedly infringing activities, and their unjustified failure to pursue their infringement claims diligently and timely from the time they became aware they had claims against EMC.  EMC has been both economically and materially prejudiced and/or injured from Plaintiffs' (and their predecessors'-in-interest) inexcusable lack of diligence, including (without limitation) through the loss of records of third parties pertaining to the prior art and the unreliability of the memories of witnesses who otherwise possess knowledge of the technology at issue.

### Fifth Defense: Equitable Estoppel

Plaintiffs' claims under the Patents-at-issue are barred by the doctrine of equitable estoppel due to Plaintiffs' (and their predecessors'-in-interest) knowledge of EMC's actions that are alleged to infringe the Patents-at-issue.  Plaintiffs (and their predecessors-in-interest) misleadingly communicated to EMC and others in the industry by words, conduct and/or silence that activities like those of EMC (including EMC's own activities) are not infringing.  Due to EMC's reasonable reliance upon such communications, including its continuing to maintain its activities that are now alleged to infringe the Patents-at-issue, EMC would be materially harmed if Plaintiffs were to be permitted to assert any claim against EMC inconsistent with Plaintiffs' (and their predecessors'-in-interest) previous conduct.

### Sixth Defense: Estoppel (Standards-Setting Bodies)

Plaintiffs' claims under one or more of the Patents-at-issue are barred by the doctrine of estoppel due to Plaintiffs' (and their predecessors'-in-interest) participation in organizations responsible for setting industry standards (including without limitation the Fibre Channel standard (*e.g.*, FC-SW, FC-SW-2, FC-SW-3), and the SCSI-2 standard (ANSI X3.131-

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

-6-

EMC'S ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS
CASE NO. C 02-04709 JF (PVT)

1994)), and their failure to disclose one or more of the Patents-at-issue to those standards bodies, which Plaintiffs are now attempting to assert against those standards. On information and belief, Plaintiffs' and/or their predecessors-in-interest were under an obligation to disclose one of more of the Patents-at-issue to these standards bodies but failed to do so, communicating to EMC and others in the storage industry by words, conduct and/or silence, that these standards were non-infringing. EMC reasonably relied on such communications (including by continuing to maintain activities that are now alleged to infringe the Patents-at-issue) such that EMC would be materially harmed if Plaintiffs were permitted to assert any claim against EMC inconsistent with their predecessors'-in-interest previous conduct.

### Seventh Defense: License / Covenant Not To Sue

EMC is protected from any liability in this action by virtue of a covenant not to sue and hold harmless entered into by HP pursuant to (a) the October 31, 1995 Reseller Agreement between HP and EMC, and (b) the September 1, 1994 OEM Agreement between HP and Data General, whose rights and benefits passed to EMC pursuant to EMC's acquisition of Data General in 1999.

### Eighth Defense: Estoppel

By virtue of this action, HP and its alleged subsidiary, HPDC, are asserting infringement and damages claims arising from the sale and distribution of products HP itself purchased and sold. For a period of at least five years, which includes the period encompassed by Plaintiffs' infringement and damages claims, HP sold the very products it accuses of infringement as a reseller for EMC pursuant to the October 31, 1995 Reseller Agreement and as a reseller for Data General pursuant to the September 1, 1994 OEM Agreement. HP profited substantially from its resale of the EMC and Data General products which it now accuses of infringement. By virtue of the substantial benefits it derived from the sale and distribution of products that it now accuses of infringement, HP, as well as its alleged subsidiary HPDC, are estopped from asserting their claims of infringement and/or recovering any damages on account of activity in which HP was a participant.

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

-7-

EMC'S ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS
CASE NO. C 02-04709 JF (PVT)

**Ninth Defense: License**

EMC is licensed under one or more of the Patents-at-issue.

**Tenth Defense: Standing**

Plaintiffs lack standing to bring the claims and/or requests for relief contained in its Second Amended Complaint against EMC because (a) Plaintiffs do not own some or all of the Patents-at-issue, (b) Plaintiffs do not hold all substantial rights in the Patents-at-issue, (c) Plaintiffs do not have the right to sue as licensees, and/or (d) necessary and indispensable third parties that are not parties to this action retain substantial rights to the Patents-at-issue.

**Eleventh Defense: Marking**

Prior to receiving a copy of the complaint in this action, EMC had neither actual nor constructive notice of the Patents-at-issue because the lawful owner of those patents had failed to mark devices that embody one or more of the claims of the Patents-at-issue with proper notice of such patents, as required by 35 U.S.C. § 287, such that Plaintiffs are not entitled to any pre-filing damages pursuant to that provision.

**Twelfth Defense: Sales to the United States Government**

To the extent any product accused of infringing any of the Patents-at-issue has been used or manufactured by or for the United States, Plaintiffs' claims and demand for relief against EMC are barred by 28 U.S.C. § 1498.

**WHEREFORE**, as to Plaintiffs' claims, Defendant EMC prays that the Court:

A.      Enter judgment in EMC's favor, and against Plaintiffs, thereby dismissing Plaintiffs' Second Amended Complaint in its entirely, with prejudice, with Plaintiffs taking nothing by way of their claims;

B.      Find that each of the claims of the Patents-at-issue are not infringed by any actions of EMC or its customers, suppliers, users, licensees, vendors or vendees, or others making, using, selling, or offering to sell EMC's products;

C.      Find that each of the claims of the Patents-at-issue is invalid and/or unenforceable;

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

-8-

EMC'S ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS
CASE NO. C 02-04709 JF (PVT)

1      D.      Deny all of Plaintiffs' requests for injunctive relief;

2      E.      Order Plaintiffs to pay the costs incurred by EMC in responding to this

3 action and EMC's reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285; and

4      F.      Grant EMC such other and further relief as this Court deems just and

5 proper under the circumstances.

6                                **JURY DEMAND**

7      EMC demands a trial by jury as to all issues so triable.

8

9 Dated: July 21, 2003.                          Respectfully submitted,

10                                               ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                 By:
11

12

13                                               _____/s/ Lisa C. Ward  /s/_____
                                                              Lisa C. Ward
14                                               Attorneys for Defendant EMC Corporation

15 Of Counsel:
   Krish Gupta, Esq.
16 EMC Corporation
   176 South Street
17 Hopkinton, MA 01748

18

19                                **COUNTERCLAIMS**

20      1.      Counterclaimant EMC Corporation ("EMC") is a Massachusetts

21 corporation with its principal place of business in Hopkinton, Massachusetts.

22      2.      Counterclaim defendant Hewlett-Packard Company ("HP") is a Delaware

23 corporation with its principal place of business in Palo Alto, California.  HP does business in

24 this judicial district and has committed and is continuing to commit the acts of infringement

25 giving rise to EMC's counterclaims in this judicial district.

26      3.      Counterclaim defendant Hewlett-Packard Development Company, L.P.

27 ("HPDC") is a Texas limited liability partnership with its principal place of business in

28

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

                                                              EMC'S ANSWER TO SECOND AMENDED
                                                              COMPLAINT AND COUNTERCLAIMS
                          -9-                                  CASE NO. C 02-04709 JF (PVT)

Houston, Texas.  HPDC is found and does business in this judicial district.  On information and belief, HPDC is a subsidiary of Compaq Computer Corporation ("Compaq").

4.   On information and belief, counterclaim defendant Compaq is a Delaware corporation with its principal place of business in Houston, Texas.  Compaq does business in this judicial district and has committed and is continuing to commit the acts of infringement giving rise to EMC's counterclaims in this judicial district.  On information and belief, Compaq is a subsidiary of HP.

5.   This Court has subject matter jurisdiction over EMC's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

6.   The following six EMC patents (attached hereto as Exhibits A through F) are infringed by HP and Compaq, as discussed in more detail below:

| U.S. Patent Number | Title |
|---|---|
| 4,821,184 | Universal Addressing System for a Digital Data Processing System |
| 5,325,497 | Method and Apparatus for Assigning Signatures to Identify Members of a Set of Mass of Storage Devices |
| 5,544,347 | Data Storage System Controlled Remote Data Mirroring with Respectively Maintained Data Indices |
| 5,659,801 | Method and Apparatus for Replacing Resident Peripheral Device Control Microcode by Download via an Application Program |
| 6,061,753 | Apparatus and Method of Accessing Target Devices Across a Bus Utilizing Initiator Identifiers |
| 6,122,756 | High Availability Computer System and Methods Related Thereto |

**First Counterclaim for Relief**

**(Infringement of the U.S. Patent No. 4,821,184 – Against HP and Compaq)**

7.   EMC incorporates Paragraphs 1 through 5 of its Counterclaim above as if fully set forth herein.

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

EMC'S ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS
CASE NO. C 02-04709 JF (PVT)

8.     United States Patent No. 4,821,184, entitled "Universal Addressing System for a Digital Data Processing System," was duly and legally issued on April 11, 1989 to Data General Corporation.  EMC owns all rights, title, and interest in the '184 Patent.

9.     HP and Compaq (including their predecessors-in-interest) have infringed the '184 Patent by making, using, offering for sale, selling and/or causing to be made, used, offered for sale or sold products and/or services that practice the inventions of the '184 Patent in violation of 35 U.S.C. § 271(a), including but not limited to Enterprise Virtual Array ("EVA") products, the ProLiant, Alpha, and HP-UX servers, and the HSG80 storage controller and the products that incorporate it (such as, for example, Modular Array ("MA"), Enterprise Modular Array ("EMA"), and Raid Array ("RA") 8000).

10.     HP and Compaq have also been knowingly and intentionally inducing others to infringe the '184 Patent in violation of 35 U.S.C. § 271(b), and have been contributorily infringing the '184 Patent knowingly and intentionally in violation of 35 U.S.C. § 271(c).

11.     HP's and Compaq's infringement of the '184 Patent has been willful.

12.     HP's and Compaq's infringement of the '184 Patent will continue unless enjoined by this Court.  As a result of HP's and Compaq's infringement of the '184 Patent, EMC has been, and will continue to be, irreparably harmed.

13.     As a result of HP's and Compaq's infringement of one or more claims of the '184 Patent, EMC has been damaged in an amount to be proven at trial.

**Second Counterclaim for Relief**

**(Infringement of U.S. Patent No. 5,325,497 – Against HP and Compaq)**

14.     EMC incorporates Paragraphs 1 through 5 of its Counterclaim above as if fully set forth herein.

15.     United States Patent No. 5,325,497, entitled "Method and Apparatus for Assigning Signatures to Identify Members of a Set of Mass of Storage Devices," was duly and legally issued on June 28, 1994 to Micro Technology, Inc. ("MTI").  Pursuant to agreements

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

-11-

EMC'S ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS
CASE NO. C 02-04709 JF (PVT)

with MTI, EMC is an exclusive licensee with all substantial rights in the '497 Patent, including the right to sue for infringement.

16.     HP and Compaq (including their predecessors-in-interest) have infringed the '184 Patent by making, using, offering for sale, selling and/or causing to be made, used, offered for sale or sold products and/or services that practice the inventions of the '497 Patent in violation of 35 U.S.C. § 271(a), including but not limited to the HSG80 storage controller and the products that incorporate it (such as, for example, the MA, EMA, and RA 8000 products).

17.     HP and Compaq have also been knowingly and intentionally inducing others to infringe the '497 Patent in violation of 35 U.S.C. § 271(b), and have been contributorily infringing the '497 Patent knowingly and intentionally in violation of 35 U.S.C. § 271(c).

18.     HP's and Compaq's infringement of the '497 Patent has been willful.

19.     HP's and Compaq's infringement of the '497 Patent will continue unless enjoined by this Court.  As a result of HP's and Compaq's infringement of the '497 Patent, EMC has been, and will continue to be, irreparably harmed.

20.     As a result of HP's and Compaq's infringement of one or more claims of the '497 Patent, EMC has been damaged in an amount to be proven at trial.

## Third Counterclaim for Relief

**(Infringement of United States Patent No. 5,544,347 – Against HP and Compaq)**

21.     EMC incorporates Paragraphs 1 through 5 of its Counterclaim above as if fully set forth herein.

22.     United States Patent No. 5,544,347, entitled "Data Storage System Controlled Remote Data Mirroring with Respectively Maintained Data Indices" was legally and duly issued on August 6, 1996 to EMC.  EMC is the legal owner of the '347 Patent.

23.     HP and Compaq (including their predecessors-in-interest) have infringed the '347 Patent by making, using, offering for sale, selling and/or causing to be made, used, offered for sale or sold products and/or services that practice the inventions of the '347 Patent in

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

-12-

EMC'S ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS
CASE NO. C 02-04709 JF (PVT)

violation of 35 U.S.C. § 271(a), including but not limited to the HSG80 storage controller and the products that incorporate it (such as, for example, the MA, EMA, and RA 8000 products).

24.     HP and Compaq have also been knowingly and intentionally inducing others to infringe the '347 Patent in violation of 35 U.S.C. § 271(b), and have been contributorily infringing the '347 Patent knowingly and intentionally in violation of 35 U.S.C. § 271(c).

25.     HP's and Compaq's infringement of the '347 Patent has been willful.

26.     HP's and Compaq's infringement of the '347 Patent will continue unless enjoined by this Court.  As a result of HP's and Compaq's infringement of the '347 Patent, EMC has been, and will continue to be, irreparably harmed.

27.     As a result of HP's and Compaq's infringement of one or more claims of the '347 Patent, EMC has been damaged in an amount to be proven at trial.

**Fourth Counterclaim for Relief**

**(Infringement of United States Patent No. 5,659,801– Against HP)**

28.     EMC incorporates Paragraphs 1 through 5 of its Counterclaim above as if fully set forth herein.

29.     United States Patent No. 5,659,801, entitled "Method and Apparatus for Replacing Resident Peripheral Device Control Microcode by Download via an Application Program," was duly and legally issued on August 19, 1997 to EMC.  EMC is the legal owner of the '801 Patent.

30.     HP has infringed the '801 Patent by making, using, offering for sale, selling and/or causing to be made, used, offered for sale or sold products and/or services that practice the inventions of the '801 Patent in violation of 35 U.S.C. § 271(a), including but not limited to the HP LaserJet 2300, 4100mfp, 4101mfp, 4200, 4300, 4600, 5500, 8150, and 9000 series printers.

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

-13-

EMC'S ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS
CASE NO. C 02-04709 JF (PVT)

31.     HP has also been knowingly and intentionally inducing others to infringe the '801 Patent in violation of 35 U.S.C. § 271(b), and has been contributorily infringing the '801 Patent knowingly and intentionally in violation of 35 U.S.C. § 271(c).

32.     HP's infringement of the '801 Patent has been willful.

33.     HP's infringement of the '801 Patent will continue unless enjoined by this Court.  As a result of HP's infringement of the '801 Patent, EMC has been, and will continue to be, irreparably harmed.

34.     As a result of HP's infringement of one or more claims of the '801 Patent, EMC has been damaged in an amount to be proven at trial.

## Fifth Counterclaim for Relief

**(Infringement of United States Patent No. 6,061,753 – Against HP and Compaq)**

35.     EMC incorporates Paragraphs 1 through 5 of its Counterclaim above as if fully set forth herein.

36.     United States Patent No. 6,061,753, entitled "Apparatus and Method of Accessing Target Devices Across a Bus Utilizing Initiator Identifiers," was duly and legally issued on May 9, 2000 to EMC.  EMC is the legal owner of the '753 Patent.

37.     HP and Compaq (including their predecessors-in-interest) have infringed the '753 Patent by making, using, offering for sale, selling and/or causing to be made, used, offered for sale or sold products and/or services that practice the inventions of the '753 Patent in violation of 35 U.S.C. § 271(a), including but not limited to the following storage products: RA4100, RA8000, Modular San Array ("MSA") 1000, EVA3000, EVA5000, EMA/ESA 12000, EMA16000, MA6000, MA8000, Virtual Array ("VA") 7100/7110, VA7400/7410, and all products containing the HSG80 storage controller.

38.     HP and Compaq have also been knowingly and intentionally inducing others to infringe the '753 Patent in violation of 35 U.S.C. § 271(b), and have been contributorily infringing the '753 Patent knowingly and intentionally in violation of 35 U.S.C. § 271(c).

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

EMC'S ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS
CASE NO. C 02-04709 JF (PVT)

39. HP's and Compaq's infringement of the '753 Patent has been willful.

40. HP's and Compaq's infringement of the '753 Patent will continue unless enjoined by this Court. As a result of HP's and Compaq's infringement of the '753 Patent, EMC has been, and will continue to be, irreparably harmed.

41. As a result of HP's and Compaq's infringement of one or more claims of the '753 Patent, EMC has been damaged in an amount to be proven at trial.

**Sixth Counterclaim for Relief**

**(Infringement of United States Patent No. 6,122,756 – Against HP and Compaq)**

42. EMC incorporates Paragraphs 1 through 5 of its Counterclaim above as if fully set forth herein.

43. United States Patent No. 6,122,756, entitled "High Availability Computer System and Methods Related Thereto," was duly and legally issued on September 19, 2000 to Data General Corporation. EMC owns all rights, title, and interest in the '756 Patent.

44. HP and Compaq (including their predecessors-in-interest) have infringed the '756 Patent by making, using, offering for sale, selling and/or causing to be made, used, offered for sale or sold products and/or services that practice the inventions of the '756 Patent in violation of 35 U.S.C. § 271(a), including but not limited to NonStop products and the HSG80 storage controller and the products that incorporate it (such as, for example, the MA, EMA, and RA 8000 products).

45. HP and Compaq have also been knowingly and intentionally inducing others to infringe the '756 Patent in violation of 35 U.S.C. § 271(b), and have been contributorily infringing the '756 Patent knowingly and intentionally in violation of 35 U.S.C. § 271(c).

46. HP's and Compaq's infringement of the '756 Patent has been willful.

47. HP's and Compaq's infringement of the '756 Patent will continue unless enjoined by this Court. As a result of HP's and Compaq's infringement of the '756 Patent, EMC has been, and will continue to be, irreparably harmed.

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

-15-

EMC'S ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS
CASE NO. C 02-04709 JF (PVT)

48.     As a result of HP's and Compaq's infringement of one or more claims of the '756 Patent, EMC has been damaged in an amount to be proven at trial.

**Seventh Counterclaim for Relief**

**(Declaratory Judgment Against HP, Compaq and HPDC – U.S. Patent No. 5,237,658)**

49.     EMC incorporates Paragraphs 1 through 5 of its Counterclaim above as if fully set forth herein.

50.     HPDC purports to be the owner, and HP a licensee, of United States Patent No. 5,237,658. HP and HPDC have alleged in this litigation that EMC's products have infringed and are infringing certain claims of the '658 Patent. On information and belief, Compaq purports to be a prior owner of the '658 Patent and now an exclusive licensee under that Patent.

51.     EMC's products do not infringe, either directly or indirectly, any claim of the '658 Patent, and EMC is not liable for infringement thereof. In addition, the '658 Patent and each claim thereof is invalid for failing to comply with the provisions of the patent laws, including one or more of 35 U.S.C. §§ 101, 102, 103 and 112. Furthermore, HP's and HPDC's claims under the '658 Patent are barred for the reasons set forth in EMC's Affirmative Defenses above.

52.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between EMC and the Counterclaim Defendants. EMC seeks a declaration that it does not infringe the '658 Patent, that the '658 Patent is invalid, and that HP's and HPDC's claims under the '658 Patent are barred.

**Eighth Counterclaim for Relief**

**(Declaratory Judgment Against HP, Compaq and HPDC – U.S. Patent No. 5,247,618)**

53.     EMC incorporates Paragraphs 1 through 5 of its Counterclaim above as if fully set forth herein.

54.     HPDC purports to be the owner, and HP a licensee, of United States Patent No. 5,247,618. HP and HPDC have alleged in this litigation that EMC's products have

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

-16-

EMC'S ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS
CASE NO. C 02-04709 JF (PVT)

infringed and are infringing certain claims of the '618 Patent.  On information and belief, Compaq purports to be a prior owner of the '618 Patent and now an exclusive licensee under that patent.

55.     EMC's products do not infringe, either directly or indirectly, any claim of the '618 Patent, and EMC is not liable for infringement thereof.  In addition, the '618 Patent and each claim thereof is invalid for failing to comply with the provisions of the patent laws, including one or more of 35 U.S.C. §§ 101, 102, 103 and 112.  Furthermore, HP's and HPDC's claims under the '618 Patent are barred for the reasons set forth in EMC's Affirmative Defenses above.

56.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between EMC and the Counterclaim Defendants.  EMC seeks a declaration that it does not infringe the '618 Patent, that the '618 Patent is invalid, and that HP's and HPDC's claims under the '618 Patent are barred.

### Ninth Counterclaim for Relief

**(Declaratory Judgment Against HP, Compaq and HPDC – U.S. Patent No. 5,315,602)**

57.     EMC incorporates Paragraphs 1 through 5 of its Counterclaim above as if fully set forth herein.

58.     HPDC purports to be the owner, and HP a licensee, of United States Patent No. 5,315,602.  HP and HPDC have alleged in this litigation that EMC's products have infringed and are infringing certain claims of the '602 Patent.  On information and belief, Compaq purports to be a prior owner of the '602 Patent and now an exclusive licensee under that patent.

59.     EMC's products do not infringe, either directly or indirectly, any claim of the '602 Patent, and EMC is not liable for infringement thereof.  In addition, the '602 Patent and each claim thereof is invalid for failing to comply with the provisions of the patent laws, including one or more of 35 U.S.C. §§ 101, 102, 103 and 112.  Furthermore, HP's and HPDC's

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

-17-

EMC'S ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS
CASE NO. C 02-04709 JF (PVT)

claims under the '602 Patent are barred for the reasons set forth in EMC's Affirmative Defenses above.

60.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between EMC and the Counterclaim Defendants.  EMC seeks a declaration that it does not infringe the '602 Patent, that the '602 Patent is invalid, and that HP's and HPDC's claims under the '602 Patent are barred.

**Tenth Counterclaim for Relief**

**(Declaratory Judgment Against HP – U.S. Patent No. 5,917,253)**

61.    EMC incorporates Paragraphs 1 through 5 of its Counterclaim above as if fully set forth herein.

62.    HP purports to be the owner of United States Patent No. 5,917,253, and has alleged in this litigation that EMC's products have infringed and are infringing certain claims of the '253 Patent.

63.    EMC's products do not infringe, either directly or indirectly, any claim of the '253 Patent, and EMC is not liable for infringement thereof.  In addition, the '253 Patent and each claim thereof is invalid for failing to comply with the provisions of the patent laws, including one or more of 35 U.S.C. §§ 101, 102, 103 and 112.  Furthermore, HP's claims under the '253 Patent are barred for the reasons set forth in EMC's Affirmative Defenses above.

64.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between EMC and HP.  EMC seeks a declaration that it does not infringe the '253 Patent, that the '253 Patent is invalid, and that HP's claims under the '253 Patent are barred.

**Eleventh Counterclaim for Relief**

**(Declaratory Judgment Against HP, Compaq and HPDC – U.S. Patent No. 6,269,453)**

65.    EMC incorporates Paragraphs 1 through 5 of its Counterclaim above as if fully set forth herein.

66.    HPDC purports to be the owner, and HP a licensee, of United States Patent No. 6,269,453.  HP and HPDC have alleged in this litigation that EMC's products have

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

-18-

EMC'S ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS
CASE NO. C 02-04709 JF (PVT)

infringed and are infringing certain claims of the '453 Patent.  On information and belief Compaq purports to be a prior owner of the '453 Patent and now an exclusive licensee under that patent.

67.     EMC's products do not infringe, either directly or indirectly, any claim of the '453 Patent, and EMC is not liable for infringement thereof.  In addition, the '453 Patent and each claim thereof is invalid for failing to comply with the provisions of the patent laws, including one or more of 35 U.S.C. §§ 101, 102, 103 and 112.  Furthermore, HP's and HPDC's claims under the '453 Patent are barred for the reasons set forth in EMC's Affirmative Defenses above.

68.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between EMC and the Counterclaim Defendants.  EMC seeks a declaration that it does not infringe the '453 Patent, that the '453 Patent is invalid, and that HP's and HPDC's claims under the '453 Patent are barred.

## Twelfth Counterclaim for Relief

### (Declaratory Judgment Against HP, Compaq and HPDC – U.S. Patent No. 6,356,979)

69.     EMC incorporates Paragraphs 1 through 5 of its Counterclaim above as if fully set forth herein.

70.     HPDC purports to be the owner, and HP a licensee, of United States Patent No. 6,356,979.  HP and HPDC have alleged in this litigation that EMC's products have infringed and are infringing certain claims of the '979 Patent.  On information and belief, Compaq purports to be a prior owner of the '979 Patent and now an exclusive licensee under that patent.

71.     EMC's products do not infringe, either directly or indirectly, any claim of the '979 Patent, and EMC is not liable for infringement thereof.  In addition, the '979 Patent and each claim thereof is invalid for failing to comply with the provisions of the patent laws, including one or more of 35 U.S.C. §§ 101, 102, 103 and 112.  Furthermore, HP's and HPDC's

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

-19-

EMC'S ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS
CASE NO. C 02-04709 JF (PVT)

claims under the '979 Patent are barred for the reasons set forth in EMC's Affirmative Defenses above.

72. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between EMC and the Counterclaim Defendants. EMC seeks a declaration that it does not infringe the '979 Patent, that the '979 Patent is invalid, and that HP's and HPDC's claims under the '979 Patent are barred.

**Thirteenth Counterclaim for Relief**

**(Declaratory Judgment Against HP, Compaq and HPDC – U.S. Patent No. 5,390,327)**

73. EMC incorporates Paragraphs 1 through 5 of its Counterclaim above as if fully set forth herein.

74. HPDC purports to be the owner, and HP a licensee, of United States Patent No. 5,390,327. HP and HPDC have alleged in this litigation that EMC's products have infringed and are infringing certain claims of the '327 Patent. On information and belief, Compaq purports to be a prior owner of the '327 Patent and now an exclusive licensee under that patent.

75. EMC's products do not infringe, either directly or indirectly, any claim of the '327 Patent, and EMC is not liable for infringement thereof. In addition, the '327 Patent and each claim thereof is invalid for failing to comply with the provisions of the patent laws, including one or more of 35 U.S.C. §§ 101, 102, 103 and 112. Furthermore, HP's and HPDC's claims under the '327 Patent are barred for the reasons set forth in EMC's Affirmative Defenses above.

76. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between EMC and the Counterclaim Defendants. EMC seeks a declaration that it does not infringe the '327 Patent, that the '327 Patent is invalid, and that HP's and HPDC's claims under the '327 Patent are barred.

/ / /

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

-20-

EMC'S ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS
CASE NO. C 02-04709 JF (PVT)

1    **WHEREFORE** as to its Counterclaims, Defendant EMC prays for:

2    A.    Judgment that HP and Compaq have infringed the '184, '497, '347, '753,

3    and '756 Patents under 35 U.S.C. § 271(a);

4    B.    Judgment that HP and Compaq have infringed the '184, '497, '347, '753,

5    and '756 Patents under 35 U.S.C. § 271(b) by inducing others to directly infringe said patents;

6    C.    Judgment that HP and Compaq have contributorily infringed the '184,

7    '497, '347, '753, and '756 Patents under 35 U.S.C. § 271(c);

8    D.    Judgment that HP and Compaq have willfully infringed the '184, '497,

9    '347, '753, and '756 Patents under 35 U.S.C. §§ 271(a), (b), and (c);

10   E.    Judgment that HP has infringed the '801 Patent under 35 U.S.C. § 271(a);

11   F.    Judgment that HP has infringed the '801 Patent under 35 U.S.C. § 271(b)

12   by inducing others to directly infringe said patent;

13   G.    Judgment that HP has contributorily infringed the '801 Patent under 35

14   U.S.C. § 271(c);

15   H.    Judgment that HP has willfully infringed the '801 Patent under 35 U.S.C.

16   §§ 271(a), (b), and (c);

17   I.    Preliminary and permanent injunctive relief against HP, Compaq, their

18   officers, agents, servants, employees, and those persons in active concert or participation with

19   them, from further direct or indirect infringement of the '184, '497, '347, '753, and '756

20   Patents;

21   J.    Preliminary and permanent injunctive relief against HP, its officers,

22   agents, servants, employees, and those persons in active concert or participation with it, from

23   further direct or indirect infringement of the '801 Patent;

24   K.    Compensatory damages and enhanced damages under the Patent Act;

25   L.    Costs of suit, attorneys' fees, prejudgment and postjudgment interest;

26   M.    Declaratory judgment that the '658, '618, '602, '453 '979, and '327

27   Patents asserted by HP and HPDC are not infringed by EMC;

28

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

EMC'S ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS
CASE NO. C 02-04709 JF (PVT)

1    N.    Declaratory judgment that the '658, '618, '602, '453 '979, and '327

2  Patents asserted by HP and HPDC are invalid;

3    O.    Declaratory judgment that EMC has no liability for any alleged

4  infringement of the '658, '618, '602, '453 '979, and '327 Patents asserted by HP and HPDC;

5    P.    Declaratory judgment that the '253 Patent asserted by HP is not infringed

6  by EMC;

7    Q.    Declaratory judgment that EMC has no liability for any alleged

8  infringement of the '253 Patent asserted by HP;

9    R.    Declaratory judgment that the '253 Patent asserted by HP is invalid

10  and/or unenforceable; and

11    S.    Such other and further relief as this Court deems just and proper under

12  the circumstances.

13                          **JURY DEMAND**

14         EMC demands a trial by jury as to all issues so triable.

15

16  Date:  July 21, 2003.                          Respectfully submitted,

17                                                 ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                   By:
18

19

20                                        _/s/  Lisa C. Ward  /s/_____
                                                   Lisa C. Ward
21                                        Attorneys for Defendant and Counterclaimant
                                                   EMC Corporation
22

23  Of Counsel:
    Krish Gupta, Esq.
24  EMC Corporation
    176 South Street
25  Hopkinton, MA 01748

26

27

28

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

EMC'S ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS
CASE NO. C 02-04709 JF (PVT)